**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ELUVINA L. PEREA, Personal Representative
of the Estate of JOHN O. PEREA, Deceased,

          Plaintiff,

v.                                              Civ. No. 92-1156  JP/LFG - ACE

OWENS-CORNING FIBERGLASS
CORPORATION, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

On April 22, 2003 Plaintiff filed a Motion for Leave to File Amended Complaint, Doc.

No. 108, in which Eluvina L. Perea seeks to add herself in her individual capacity as a Plaintiff so

that she can assert an additional claim for loss of consortium.  Defendants have objected to

Plaintiff's proposed Amended Complaint.  Having considered the parties' arguments and the

relevant law, I have concluded that Plaintiff's Motion should be denied.

*BACKGROUND*

On October 19, 1992 Plaintiff's decedent, John O. Perea, initiated this suit.  At that time

New Mexico had not recognized loss of consortium as a tort, so Eluvina L. Perea and her claim

for loss of consortium were not included in the Original Complaint.  On February 10, 1993, this

action was transferred to the Judicial Panel on Multidistrict Litigation for consolidated discovery

with other asbestos cases.

In 1994, while this case was pending in the Judicial Panel on Multidistrict Litigation, New Mexico's Supreme Court held for the first time that a spouse could bring a claim for loss of consortium when the spouse's partner suffered a personal injury due to the negligence of a third party. *Romero v. Byers*, 117 N.M. 422, 872 P.2d 840 (1994). In the years following *Romero*, John O. Perea did not attempt to amend his complaint, nor did Eluvina L. Perea file her own claim for loss of consortium.

In April 2001, John O. Perea died from mesothelioma, a type of cancer caused by asbestos exposure. Doc. No. 101 at 1-2. On May 6, 2002 the Judicial Panel on Multidistrict Litigation remanded this action to the United States District Court for the District of New Mexico. Doc. No. 95. Afterwards, on March 31, 2003 I substituted Eluvina L. Perea, as the Personal Representative of the Estate of John O. Perea, as Plaintiff. Now, over nine years since the claim for loss of consortium was recognized by New Mexico courts, Plaintiff seeks to amend the Original Complaint to include Eluvina L. Perea, individually, so that she can assert a loss of consortium claim against Defendants.

*STANDARD*

Under Fed. R. Civ. P. 15(a), "leave shall be freely given if justice so requires." However, leave to amend may be denied when it is the product of "undue delay." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Within the Tenth Circuit, it is well settled "that untimeliness alone is a sufficient reason to deny leave to amend, especially when the party filing the motion has no adequate explanation for the delay." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (internal citations omitted). "Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

*ANALYSIS*

Plaintiff has not attempted to explain why it took over nine years after *Romero* was decided to file for leave to add to the Original Complaint Eluvina L. Perea, individually, and her claim for loss of consortium. The closest Plaintiff comes to an explanation is her statement that at "the time of the Court's ruling in *Romero v. Byers*, this matter was still in the Multi District Litigation under Judge Weiner." Doc. No. 108 at 2. However, a case pending in the Judicial Panel on Multidistrict Litigation is still subject to a motion to amend. Hence the fact that the action was pending in the Judicial Panel on Multidistrict Litigation, standing alone, does not excuse the nine year delay to file for leave to amend the Original Complaint. I find that the nine year delay, especially when Plaintiff was on notice of her opportunity to amend the complaint, is more than sufficient to qualify for undue delay under Fed. R. Civ. P. 15(a).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File Amended Complaint, Doc. No. 108, is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE